JUDGE ROBERTSON
delivered the opinion of the court.
F. M. Hawkins, a young merchant of Lebanon, Kentucky, obtained from the Lebanon branch of the Commercial Bank $800, on a bill drawn on himself by England, and indorsed by the appellant Davis, dated 14th September, 1865, and due 14th January, 1866; and he also bought goods on credit in Louisville. On the 9th of January, 1866, while holding a stock of goods said to exceed in value the amount he owed on the bill, he borrowed from the appellant $800 to pay the amount just becoming due on the accepted bill, and to secure reim *273 bursement, he at the same time mortgaged his goods to the appellant.
On the 17th of January, 1866, the Louisville creditors brought this suit in equity, attacking the mortgage as made in contemplation of insolvency, to prefer one creditor over others, and therefore, under the statute of 1856 for preventing such preferences, inuring to the benefit of all the creditors. Hawkins failed to answer, and the appellant’s answer, silent as to the alleged insolvency, denied that the mortgage was made to prefer any creditor, and averred that, in good faith, he loaned the money on the credit alone of the mortgage. But, nevertheless, the circuit court decreed the sale of the goods for distribution among all the mortgagor’s creditors, and Davis, the mortgagee, appealed.
Had Davis been a pre-existing creditor of Hawkins, and taken the mortgage to secure his debt, the conveyance would have inured to the benefit of all the creditors, according to both the letter and the spirit of the statute ; for it is probable that Hawkins, contemplating insolvency, borrowed the money to pay the bank debt in preference to any other. But Davis was no such creditor, and whether he would ever become a creditor by being subjected as indorser to the payment of the amount of the bill, depended on the remote contingency of the insolvency, not only of Hawkins, but also of the drawer, England, who stood between him and danger, and whose solvency has not been questioned even by intimation; and even had Davis apprehended ultimate loss, he might have averted it by attaching the goods until secured.
Notwithstanding the statute, Hawkins had the unquestionable right to prefer the bank debt by a payment of it in money, and, if he borrowed the money, the lender in good faith thereby became a new creditor, and had a right *274 to secure reimbursement by a mortgage simultaneous with the consideration, as expressly allowed by the following proviso in the same section of the enactment of 1856: •“ But nothing in this section shall vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage.”
Neither justice nor policy requires that the hands of a debtor, apprehensive of insolvency, should be tied-so plosely as to prevent him from contracting any new debt or liability for any cause, however necessary or meritorious — not even for the honest purpose of averting impending bankruptcy, or starvation, or imprisonment; and, consequently, the saving proviso is perfectly consistent with the object of the enactment itself, and makes an harmonious whole which the judiciary cannot alter or disturb.
Then, had the loan been made by a stranger, on the faith of an indemnifying mortgage, the security would not have been affected by the statute of 1856; and if, as we must on this record assume, the loan was actually made .in good faith to pay a debt which the borrower, without legal cause of complaint by any creditor, had a right to pay, we are unable to see why the remotely contingent liability of the lender, who advanced the money on the credit of the collateral security, should make the transaction constructively fraudulent as to the mortgagor’s creditors, and of whom the lender was not one.
It seems to us, therefore, that, consistently with the letter, spirit, and object of the entire act of 1856, its proviso protects the mortgage in this case, and that the mort•gagor’s general creditors have no right to deprive the appellant of his-legal priority.
Wherefore, the judgment, is reversed, and the cause remanded for Judgment and distribution conformable with this opinion.